(No. 80-CC-092█

ELIZABETH PARATO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 13, 1984.*

CHARLES J. KOLKER, for Claimant.

REED, ARMSTRONG, GORMAN & COFFEY, P.C. (JOHN L. GILBERT, of counsel), for Respondent.

ROE, C.J.

This cause comes before the Court on the various pleadings including the amended complaint of Claimant and the stipulation filed by Respondent and Claimant. The Court having reviewed the entire matter and being fully advised in the premises finds the following:

1. Claimant filed her complaint in this Court on or about December 1, 1979.

2. On September 21, 1981, the claim was removed from general continuance status because a companion claim in the Circuit Court of Jackson County was dismissed. The claim was restored to active status and assigned to a commissioner for hearing.

3. On or about March 11, 1982, Claimant filed an amended complaint in this matter which was allowed by the commissioner.

4. On or about March 30, 1982, Respondent filed a motion to dismiss the amended complaint. Said motion was heard by the Court on November 3, 1982.

5. On February 22, 1983, the Court ruled on the motion to dismiss, dismissing Counts III and IV of the amended complaint and deciding that the Court was without jurisdiction to award reinstatement and certain other relief requested by Claimant.

6. The Respondents stipulated that allegations contained in Count II with respect to untimely notice of nonrenewal of employment were substantially true and Claimant's claim in regard thereto was reasonable to the

extent of one year's salary, *i.e.*, $17,500.00. The allegations were:

(a) That the Claimant, Elizabeth Parato, was in a teaching position in the School of Nursing at SIU at Edwardsville, Illinois, for the academic years of 1975-76, 1976-77, and 1977-78.

(b) That pursuant to the statutes of the Board of Trustees of SIU-E Claimant was to have been given notice of termination at least twelve (12) months prior to the expiration of her last academic year of teaching if the defendant was going to terminate her employment, pursuant to article VIII, section 6—B—7(c), of aforesaid statutes:

(c) That Claimant was not notified of her termination for the academic year of 1978-79 until December 15, 1977, which was beyond the termination notice date as aforesaid;

(d) That Claimant fully performed her previous contractual obligations and was willing and ready to perform for the academic year for which was terminated but for defendant's failure to allow her to perform;

(e) That as a result of not being allowed to teach for the academic year in question, Claimant suffered a loss of salary, to which amount there has been a stipulation by both parties and that such stipulation sets forth the breach of Claimant's contract by Defendant which directly caused such loss, as set forth hereinabove and as set forth in Count II of Claimant's amended complaint.

7. The parties stipulated that the claim is reasonable to the extent of and in the amount of $17,500.00.

8. Reinstatement is not a remedy available to be granted in cases such as this. *Gendel v. State*, No. 78-CC-1063.

9. The award of damages for loss of earnings is an appropriate remedy, especially when the parties stipulate thereto. (*American National Bank & Trust Co. v. State*, 32 Ill. Ct. Cl. 186. See also order from Court of Claims in this case dated February 22, 1983.)

It is hereby ordered, based upon the allegations of the complaint and the aforementioned stipulation that Claimant be, and hereby is, awarded the sum of

$17,500.00 as and for full and final settlement of the claim of Claimant.